# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| Al Nawars Company | ) ASBCA Nos. 59043, 59044 |
| | ) |
| Under Contract Nos. W917BE-06-C-0018 | ) |
| W917BE-06-C-0052 | ) |

APPEARANCE FOR THE APPELLANT: Mr. Buraier Yassien
Owner

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
James D. Stephens, Esq.
Assistant District Counsel
U.S. Army Engineer District, Middle East
Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON THE GOVERNMENT'S MOTIONS TO DISMISS FOR LACK OF JURISDICTION

The United States Army Corps of Engineers (Corps or government) awarded the two contracts at issue in these appeals to Al Nawars Company (appellant). The first of the two contracts, W917BE-06-C-0018, was for a series of valve/pipe hardening projects in the Iraqi Governorate of Nineveh (ASBCA No. 59043 (59043), R4, tab 3 at 4). The second contract, W917BE-06-C-0052, was for the paving of a section of road, also in the Nineveh Governorate (ASBCA No. 59044 (59044), R4, tab 2 at 10). The government terminated both contracts for default (59043, R4, tab 9; 59044, R4, tab 4); appellant subsequently submitted what it alleges to be claims for certain unpaid amounts due (59043, compl. at 7; 59043, 59044, Notice of Appeal); and, ultimately, appellant appealed to the Board.[1]

On 17 July 2014, the government moved to dismiss both of these appeals for lack of jurisdiction on the basis that no claim had been filed within the six-year statute of limitations of the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109 (59043, gov't mot. at 3-6; 59044, gov't mot. at 2-4). Subsequent to the filing of the government's jurisdictional motions, however, the United States Court of Appeals for the Federal Circuit issued its opinion in *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315 (Fed. Cir. 2014).

---

[1] The dates of these events are not relevant to our decision on the government's motions to dismiss the appeals under the CDA's six-year statute of limitations.

As we recently explained in the appeals of *Combat Support Associates*, on reconsideration:

> Pursuant to [*Sikorsky*], which is binding upon the Board, the court overruled its line of cases holding that the six-year statute of limitations contained in the CDA was jurisdictional, and held that the CDA's six-year statute of limitations is not jurisdictional; therefore, the six-year statute of limitations in the CDA provides no basis to dismiss an appeal for lack of jurisdiction.

*Combat Support Associates*, ASBCA Nos. 58945, 58946, slip op. (16 March 2015) (citing *Sikorsky*, 773 F.3d at 1320-22). Accordingly, the government's motions to dismiss these appeals for lack of jurisdiction pursuant to the CDA's six-year statute of limitations are denied.[2]

Dated: 8 April 2015

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] We need not and do not decide in this opinion any other issues of jurisdiction that may exist in these appeals.

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59043, 59044 Appeals of Al Nawars Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals